## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD D. HATTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1888SNLJ |
| | ) | |
| **ACCORD BLDG. SERVICES, L.L.C.,** | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on *pro se* plaintiff's motion to amend complaint to include age discrimination [51], filed June 7, 2010. Defendant has filed a responsive pleading.

On or about May 25, 2010 this Court granted plaintiff, up to and including June 7, 2010, leave to "file an amended complaint that comports with the rules of civil procedure". Docket Text Order #43. On June 7, 2010 plaintiff filed the instant motion which, after citing purported statutory language, states his age discrimination claim as follows:

> "Accord Building Services violated the ADEA when Scott Stone
> told the Plaintiff that younger workers would operate the floor buffer
> and other equipment. I am over forty, trained in the use of these
> machines and physically capable of doing so."

Document #51, pg. 1.

Defendant objects to the subject amendment because 1) it fails to set forth any facts supporting a claim of age discrimination; and/or 2) plaintiff has failed to exhaust his administrative remedies as to a claim for age discrimination.

The Federal Rules of Civil Procedure require a plaintiff to set forth his/her claims in a "simple, concise, and direct manner. Rule 8 Fed.R.Civ.P. A plaintiff must set forth a "short and plain statement" of the grounds for the Court's jurisdiction; i.e., what statutes or laws s/he

believes that the defendant's conduct has violated.  A plaintiff must also set forth a "short and plain statement" of each claim and why s/he believe s/he is entitled to the relief sought.  Rule 8 Fed.R.Civ.P.  Furthermore, a plaintiff must state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Rule 10(b) Fed.R.Civ.P.  Finally, "[I]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . .".  Rule 10(b) Fed.R.Civ.P.

Plaintiff's amendment minimally meets the requirements of Rules 8 and 10.  Granted, it lacks any real meaningful statement of facts, but it does set forth sufficient "facts" to give the defendant notice of the jurisdictional basis and the substance of the claim.  However, plaintiff's motion to amend still suffers a fatal flaw.

The ADEA requires an administrative claim be filed and resolved prior to bring a judicial action on the same claim.  29 U.S.C. §§621-634; Parisi v. The Boeing Co., 400 F.3d. 583, 585 (8th Cir. 2005); Shelton v. The Boeing Co., 399 F.3d. 909, 912 (8th Cir. 2005); Gates v. City of Lebanon, 585 F.Supp.2d. 1096, 1099 (W.D.Mo. 2008).  "The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation."  Parisi, at 585 *citing* Shannon v. Ford Motor Co., 72 F.3d. 678, 684 (8th Cir. 1996); Shelton, at 912 *citing* Shannon, *supra.*  Although the reviewing court must liberally construe the administrative charge when determining whether a particular claim has been administratively exhausted, the scope of the civil suit can only be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination.  Parisi, at 585 *citing* Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d. 827, 836 (8th Cir. 2000); Shelton, at 912 *citing* Kells, *supra.*; Tart v. Hill Behan Lumber Co., 31 F.3d. 668,

671 (8th Cir. 1994). Despite this liberal construction, "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." Parisi, at 585 *quoting* Shannon, at 684; Shelton, at 912 *quoting* Shannon, *supra*. A plaintiff may not raise in federal court "[a]llegations outside the scope of the EEOC charge." Kells, at 836.

In his EEOC/MHRA charge of discrimination, plaintiff marked three (3) boxes asserting that he was a victim of race discrimination, age discrimination, and retaliation. Plaintiff's Complaint [1], Exhibit 1 - EEOC/MHRA Charge of Discrimination, dated June 11, 2008. However, in the body of his charge, he states the substance of his claim as follows:

> "I am employed with Respondent as a Floor Technician. On 05/08/08 I was assaulted (finger in the chest) by the Supervisor (white) and called negative racial names. April 21/08 my hours were cut from 5 days per week to one day per week. The stated reason was due to budgetary reasons. Due to the assault by the Supervisor I was told I was being re-assigned. The new location is further away from my home. I informed the Respondent that I had no way to travel so far away to work, yet Respondent would not reconsider, so I am not currently working. **I believe that I was racially harassed and that my hours were reduced due to my race, black. I believe that I was involuntarily transferred and subsequently off work in retaliation for reporting racial harassment."** (emphasis added).

Plaintiff's Complaint [1], Exhibit 1.

Plaintiff clearly sets forth his claim and his belief that the discriminatory treatment and retaliation was based solely on his race. Nowhere in this charge of discrimination does plaintiff even remotely mention any treatment based on age or his belief that any discriminatory treatment was based on age.

Plaintiff's proffered age claim now identifies a "Scott Stone" as making a specific age-based statement to plaintiff and modifying plaintiff's work duties on the basis of age. Nowhere in plaintiff's administrative charge of discrimination does plaintiff mention anyone by the name of

"Scott Stone" or that anyone made any age-related discriminatory statement to plaintiff. Nowhere in plaintiff's administrative charge of discrimination does plaintiff remotely mention that his work duties were changed on the basis of age. Plaintiff's administrative charge only states that plaintiff was "assaulted" on the basis of race, that he was called racially derogatory names, and that his work location was changed in retaliation for his reporting racial harassment.

Even with a liberal construction, the resulting investigation could not have been reasonably expected to extend into potential grounds for age discrimination that are not mentioned in the slightest. There is nothing in the administrative charge which suggests that the EEOC investigation would have or should have extended into the possibility that plaintiff's age was a factor in the decision to take the alleged discriminatory actions.

The Court finds that plaintiff has failed to exhaust his administrative remedies in regard to any age discrimination claims, including the current proffered claim. The Court will deny the plaintiff's motion to amend his complaint to include a claim for age discrimination under the ADEA. Plaintiff's cause of action will continue only as to his claim of racial harassment and retaliation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [51] be and is **DENIED.**

Dated this ___16th___ day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE